# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Barrow Music Group,
    Plaintiff

vs                        Case No. 1:10-cv-36-SJD-TSH
                           (Dlott, C. J.; Hogan, M. J.)

Avista Records, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion for default judgment (Doc. 10), the motion for leave to file answer and counterclaim *instanter* filed by defendants Kermit Evans and Tabatha Roy-Evans, (the Evans defendants), (Doc. 14), and the parties' responsive memoranda. (Docs. 13,16, 18). For the reasons set forth more fully below, the motion for default judgment should be denied and the motion for leave to file answer *instanter* filed by the Evans defendants should be granted.

Fed. R. Civ. P. 55 provides for the entry of default against a party who fails to plead or otherwise defend as provided for under the Civil Rules. However, a trial on the merits, and not disposition by default judgment, is favored in federal court. *See Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). "Any doubt as to the propriety of granting a default judgment should be resolved in favor of the non-moving party." *Cincinnati Bell Telephone v. Allnet Communication*, 810 F. Supp. 217, 220 (S.D. Ohio 1992)(Spiegel, J.). In determining whether to grant a motion for default judgment, the Court should consider the culpability of the defaulting defendants, the prejudice to the plaintiff, and whether the

defendants have a meritorious defense. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *Shepard Claim Service*, 796 F.2d at 192.

Although the Evans defendants were required to respond to plaintiff's complaint, their failure to timely do so in this case does not amount to a willful failure to appear and plead. *See Shepard Claims Service*, 796 F.2d at 194. Defendants' actions in this case do not amount to culpable conduct warranting default judgment. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* There is no indication that the Evans defendants' actions in this case exhibit a disregard for judicial proceedings. Furthermore, there is no indication that plaintiff will be prejudiced by the denial of his motion for default judgment. *See INVST Financial Group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987).

Lastly, it appears that the Evans defendants also meet the "meritorious defense" requirement. "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *INVST Financial Group,* 815 F.2d at 399, quoting *United Coin*, 705 F.2d at 845. A defense is adequate if it has "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Id.* at 399 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). In their motion for leave to file answer *instanter*, the Evans defendants raise several defenses to the claims raised by plaintiff which, if proven, may constitute a defense to this action.

Finally, the record reflects that service of summons and the complaint has not been properly executed as to defendant Avista Records. (*See* Docs. 15, 17). Consequently, default judgment against defendant Avista Records is not warranted at this time.

IT IS THEREFORE RECOMMENDED THAT: plaintiff's motion for default judgment (Doc. 10) be DENIED and the Evans defendants' motion for leave to file answer *instanter* (Doc. 14) be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Barrow Music Group,
    Plaintiff

vs                             Case No. 1:10-cv-36-SJD-TSH
                               (Dlott, C. J.; Hogan, M. J.)

Avista Records, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✗ ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Barrow Music Group<br>Donnie D. Barrow<br>12059 Doe fun Ct.<br>Cinti, OH 45240 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8503 |

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

1:10 cv 36  (Doc. 23)