**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BARROW MUSIC GROUP,　　　　　　　　　Case No. 1:10-cv-36

　　　Plaintiff,　　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　　v.

AVISTA RECORDS, et al.,

　　　Defendants.


**REPORT AND RECOMMENDATION**

On February 17, 2010, Plaintiff Donnie Barrow d/b/a Barrow Music Group, proceeding *pro se*, filed a complaint alleging copyright infringement against three defendants: Avista Records, Kermit Evans and Tabatha Roy-Evans. (Doc. 7). Pursuant to local practice, three motions have been referred to the undersigned magistrate judge for initial consideration and a report and recommendation: Defendant Kermit Evans and Defendant Tabatha Roy-Evans' Motion to Dismiss the Complaint (Doc. 19); the Defendants' Motion to Compel Arbitration and Stay this Action (Doc. 20); and Plaintiff's Motion for Default Judgment Against Defendant Avista Records (Doc. 35).[1]  *See* 28 U.S.C. §636(b).

**I.  Motion To Dismiss/ Motion to Compel Arbitration**

On May 7, 2010, Defendants Kermit Evans and Tabatha Roy-Evans ("the Evans

---

[1] Two additional non-dispositive motions have been disposed of by a separate Memorandum Order filed herewith.

Defendants") filed a motion to dismiss the complaint, or in the alternative, to compel arbitration and stay this federal litigation. As discussed herein, Defendants' motion to compel arbitration (Doc. 20) should be granted, as should Defendants' motion to dismiss (Doc. 19).

Plaintiff's handwritten complaint alleges that:

Tabitha Roy Evans signed a recording agreement with [Plaintiff's] label. In the agreement, the pre-recorded master copyright was transferred to [Plaintiff]...The agreement along with transfer copyright [sic] was filed in the U.S. Copyright Office. Due to a dispute, we released Tamara from her contract....We the[n] saw the master all over the internet as she signed with Avista Records.

Plaintiff further alleges that all three defendants "released the project without our permission as described in the U.S. Copyright Law." Plaintiff seeks monetary damages in the amount of 18 million dollars, attorney's fees, court costs, and injunctive relief to remedy the alleged copyright violation. The Evans Defendants have tendered to the court for filing out-of-time an Answer containing numerous affirmative defenses, and a Counterclaim that alleges that Plaintiff materially breached the parties' original recording agreement. (Doc. 14-2).

Attached to Defendants' motion to compel arbitration is a copy of the recording agreement between the parties. (Doc. 19-1). Entitled "Exclusive Recording Agreement" (hereinafter "Agreement"), it includes the following arbitration provision:

ARBITRATION. In the event of a dispute between Company and Artist regarding the terms, construction or performance of this Agreement, such dispute shall be settled by binding arbitration in Cincinnati, Ohio, according to the rules of the American Arbitration Association for the settlement of commercial disputes, then in effect. The award or decision resulting therefrom shall be subject to immediate enforcement in a [sic] Ohio court of competent jurisdiction.

(Doc. 19-1 at 4). The Agreement defines "Company" as The Barrow Music Group of West Chester, and "Artist" as Tabitha Roy-Evans, and is signed by Ms. Roy-Evans and by Plaintiff Donovan D. Barrow in his capacity as President and CEO of The Barrow Music Group.

Defendants argue that the express terms of the Agreement require this court to compel arbitration under the Federal Arbitration Act. Plaintiff does not dispute the existence of the arbitration clause, but argues that the parties' copyright dispute falls outside the scope of Agreement. According to Plaintiff, the arbitration clause was intended to encompass only "issues during the execution of the contract," meaning the time period during which the Artist had agreed to record for the Company. (Doc. 21 at 3).

"As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004)(*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927 (1983)). Nevertheless, a court will not "override the clear intent of the parties." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294, 122 S.Ct. 754, (2002)(internal citations omitted). Ultimately then, "arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005)(*quoting United Steelworkers, Local No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir. 1972)).

In this case, the parties contracted to arbitrate any dispute "regarding the terms, construction or performance of this Agreement." The Agreement was one involving, in

3

relevant part, the Artist's covenant to "irrevocably transfer the copyright of the pre-recorded master to the Company for the royalty rate listed" in the Agreement. (Doc. 19-1 at 2, ¶ 8). In cases involving a broadly drafted clause, "a court should follow the presumption of arbitration and resolve doubts in favor of arbitration.... [I]n such a case, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators." *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 482 n. 10 (6th Cir. 2006)(internal punctuation and citations omitted).

In *NCR Corp. v. Korala Associates Ltd.*, 512 F.3d 807, 814 (6th Cir. 2008), the Sixth Circuit held that in cases involving a broad arbitration clause, only those disputes that can be resolved "without reference to the agreement containing the arbitration clause" can escape the presumptive reach of the arbitration clause. Considering a similar copyright infringement claim, the appellate court stated:

> Liability for direct [copyright] infringement arises from the violation of any one of the exclusive rights of a copyright owner. The owner of copyright...has the exclusive right to, and to authorize others to, reproduce, distribute, perform, display, and prepare derivative works from the copyrighted [work]." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004)(internal citations omitted). "To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyrighted creation and that the defendant copied it." *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003).

*Id.* at 814. The court went on to explain that

> NCR could not maintain a copyright infringement claim against [Defendant] without referencing the 1998 Agreement. ....[A] court would need to reference the Agreement to determine what, if any, authorization NCR provided to [Defendant] with respect to the ...software contained on the ATM that NCR loaned to [Defendant] under the 1998 Agreement....To determine whether [Defendant] lawfully copied [the software]...a court must examine and possibly construe or interpret the terms of the 1998 Agreement and its

> exhibits.... It is sufficient that a court would have to reference the 1998 Agreement for part of NCR's direct infringement claim. Under these circumstances, we find that the copyright infringement claim as to APTRA XFS falls within the scope of the arbitration agreement.

*Id.* at 814-815.

Applying the same reasoning to the claim of copyright infringement presented by Plaintiff in this case, the court would be required to examine and possibly construe or interpret the terms of the parties' Agreement in order to determine: 1) whether Defendants transferred their copyright to Plaintiff; and 2) whether Defendants retained any rights to the copyrighted work following their contractual release from the recording Agreement. Because the arbitration clause requires the parties to engage in binding arbitration for any dispute regarding the terms or construction of the Agreement, there is no question that the clause applies to the Plaintiff's present claims.

Although a stay of federal litigation is appropriate when only some of the parties' claims are referred to arbitration, the Sixth Circuit permits dismissal of cases in which *all* claims are referred to arbitration. *See Arnold v. Arnold Corp.,* 920 F.2d 1269, 1275 (6th Cir. 1990)(no error in dismissal of complaint); *see also Hensel v. Cargill, Inc.,* 198 F.3d 245, at *4 (6th Cir. 1999)(table); *Alford v. Dean Witter Reynolds Inc.*, 975 F.2d 1161, 1164 (5th Cir. 192)(affirming dismissal with prejudice). In this case, Defendants are entitled to dismissal rather than merely a stay of this litigation because both Plaintiff's claims and Defendants' counterclaims fall wholly within the scope of the binding arbitration clause.

**II. Motion for Default Judgment**

When the Evans Defendants initially failed to file a timely Answer to the complaint, Plaintiff moved for entry of Default Judgment against them. Shortly thereafter, the Evans

Defendants moved for leave to file their answer *instanter*. (Doc. 14). On July 15, 2010, then-presiding Magistrate Judge Hogan filed a Report and Recommendation ("R&R") that recommended that the motion for default judgment be denied, and that the Defendants' motion for leave to file their answer be granted. (Doc. 23). The July 15 R&R remains pending before the district judge, as do Plaintiff's objections thereto (Doc. 29). In the same R&R, Magistrate Judge Hogan recommended the denial of Plaintiff's motion for default judgment against Defendant Avista Records on grounds that the motion was procedurally improper because service on Avista had not then been effected, and because the Plaintiff had not first sought an entry of default as required by Rule 55(a).

On October 22, 2010, service was returned as executed on Defendant Avista Records (Doc. 34). The alias summons reflects that it was to be served on "Avista Records (Edward Sr Johnson)" but that it was signed by "CJ Bryant." When Avista failed to file an answer, Plaintiff sought and obtained an Entry of Default from the Clerk of Court. (Doc. 36). On November 4, 2010, Plaintiff filed a second motion for default judgment against Defendant Avista Records. (Doc. 35). Plaintiff seeks entry of a default judgment against "Defendant Edward Johnson, West Records, Vada Digital, Avista Entertainment, [and] Avista Records" in the amount of $18,000,000.00 in both statutory and punitive damages. Although only Avista Records is a named party-defendant, Plaintiff seeks judgment against additional non-parties that he asserts are closely associated with the Defendant. (*See* Doc. 35 at 2, alleging that "all fall under the Avista Entertainment umbrella which is owned by Defendant Edward Johnson.")

Notwithstanding the failure of Defendant Avista to appear, Plaintiff's motion for entry of default judgment should be denied. First, a default judgment cannot be entered against

6

a non-party to this litigation.  In addition, entry of default judgment cannot be made in this case because the amount of statutory and punitive damages in this case has not been proven to be a sum certain.  When the amount in question is not a sum certain, a court must conduct an evidentiary hearing to determine damages. *See* Fed. R. Civ. P. 55(b)(2)(B).  Finally, entry of default judgment would not be appropriate in this case because Plaintiff's underlying copyright claims are subject to binding arbitration under the agreement executed between Plaintiff and Roy-Evans.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** the Evans Defendants' Motion to Compel Arbitration (Doc. 20) and to Dismiss the Complaint (Doc. 19) be **GRANTED,** and that Plaintiff's complaint and the Evans Defendants' tendered counterclaim (to the extent that it is filed) be **DISMISSED WITH PREJUDICE**.  The Evans Defendants' alternative Motion to Stay (Doc. 20) should be **DENIED**.   **IT IS FURTHER RECOMMENDED THAT** the Plaintiff's Motion for Default Judgment Against Avista Records (Doc. 35) be **DENIED,** and that this case be stricken from the active docket of this court.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BARROW MUSIC GROUP,   Case No. 1:10-cv-36

    Plaintiff,   Dlott, J.
                                                              Bowman, M.J.

    v.

AVISTA RECORDS, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).